**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 2 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WHITE HALL PHARMACY, LLC dba**
**DOCTOR'S ORDERS & DOCTOR'S ORDERS**
**PHARMACY**                                                                      **PLAINTIFFS**

v.                                    CASE NO.: *4:19CV366-KGB*

**DOCTOR'S ORDERS RX, INC.,**
**DOCTORS ORDERS OF GARLAND COUNTY, LLC**
**dba ARKANNABIS, ARKANNABIS EXTRACTS**
**& ARKANNABIS FARMS, &**
**DON SEARS**                                                              **DEFENDANTS**

This case assigned to District Judge *Baker*
and to Magistrate Judge *Harris*

**COMPLAINT**

Come now the Plaintiff White Hall Pharmacy, LLC ("Plaintiff"), by and through

undersigned counsel, who state the following:

**JURISDICTION AND VENUE**

1.       Plaintiff is a limited liability company organized under the laws of the State of

Arkansas with its principal place of business in Jefferson County, Arkansas.

2.       Upon information and belief, Defendant Doctor's Orders RX, Inc. is a corporation

organized under the laws of the State of Arkansas with its principle place of business in Madison

County, Arkansas and operating under the fictitious names "Doctor's Orders", "Doctor's Orders

Rx", "Doctor's Orders Rx Inc." or "Doctors Orders Pharmacy".

3.       Upon information and belief, Defendant Doctors Orders of Garland County, LLC

is a limited liability company organized under the laws of the State of Arkansas with its principle

place of business in Garland County, Arkansas and operating under the fictitious names

"Arkannibis", "Arkannabis Extracts", and "Arkannabis Farms".

1

4.      Upon information and belief, Don Sears is the owner and operator of Doctor's Orders RX, Inc. and is a resident of Faulkner County, Arkansas

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

6.      This Court has personal jurisdiction over the Defendants as they are all domiciled in, or operate businesses in, the State of Arkansas.

7.      Venue lies properly in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

8.      Plaintiff has operated pharmacies in Jefferson County, Arkansas since 2009.

9.      Plaintiff operates these pharmacies under the name "Doctor's Orders" and "Doctor's Orders Pharmacy."

10.     Ever since its incorporation in 2009, Plaintiff has continually done business as "Doctor's Orders Pharmacy" and "Doctor's Orders."

11.     At no time since it was formed has Plaintiff held itself out to the public as "Whitehall Pharmacy," or any derivative of that name. Instead, the public only knows Plaintiff as "Doctor's Orders" or "Doctor's Orders Pharmacy."

12.     Plaintiff recorded the "Doctor's Orders" name with the Arkansas Secretary of State when it registered in 2009 and the Arkansas Secretary of State's website reflects this registration. A screenshot of the Secretary of State's website for Plaintiff's corporation registration is attached hereto as Exhibit 1.

13.     In its advertising, Plaintiff routinely uses a combination of the words "Doctor's", "Orders", "Pharmacy", "Rx", and "RX" and has continually used this advertising strategy since 2009 with any break in time.

14.     Plaintiff's logo and advertising uses red font, a red logo, and white backsplash.

15.     Examples of this advertising are attached hereto as Exhibit 2, including a screenshot of Plaintiff's home website.

16.     Plaintiff has built a reputation within the Pine Bluff community and surrounding areas over many years as a business that offers traditional pharmacy services.

17.     No other pharmacy in Arkansas uses a similar "Doctor's Orders" terminology.

18.     Plaintiff has learned that Defendants Doctor's Orders RX, Inc., Doctors Orders of Garland County, LLC, and Don Sears (collectively, "Defendants") are individually or jointly operating a medical marijuana dispensary in Garland County using the name "Doctors Orders", "Doctor's Orders Pharmacy", and/or "Doctors Orders RX."

19.     Defendant Don Sears has given a number of media interviews promoting his medical marijuana dispensary and the dispensary's name.

20.     Defendants' joint operation uses signs and advertising that contains red letters and a white backsplash similar in appearance to Plaintiff's signs and advertising.

21.     The Defendants currently operate one of the only two medical marijuana dispensaries in the State of Arkansas.

22.     This operation is roughly one hour away from Plaintiff's pharmacies.

23.     As a result of being one of the few dispensaries in the state, the Defendants are attracting substantial media coverage that advertises their name, building, and sign.

24.     Defendants' new operation, similar name, and similar advertising colors are causing substantial confusion among Plaintiff's clients and the general population.

25.     Plaintiff has been inundated with calls from individuals who are either seeking marijuana or asking why their pharmacy now sells marijuana.

3

26.     The Defendants' use of "Doctor's Orders" and similar terminology has confused Plaintiff's own customers by implying there is some connection between Plaintiff and Defendants.

27.     Marijuana is currently a Schedule I drug under federal law.

28.     The confusion caused by Defendant's names and advertising places Plaintiff at risk of investigation from the DEA due to regulations preventing licensed pharmacies from possessing or dispensing Schedule I drugs. *See, e.g.*, 21 C.F.R. § 1301.13.

29.     Plaintiff, though its counsel, sent a letter to the Defendants on May 14, 2019 demanding they cease and desist operating under the names "Doctors Orders" or Doctors Orders Pharmacy." A true and complete copy of this letter is attached hereto as Exhibit 3.

30.     Despite Plaintiff's demand, Defendants continue to operate a medical marijuana dispensary using the names "Doctors Orders", "Doctor's Orders Pharmacy", and/or "Doctors Orders Rx" up to the current day.

31.     Defendants' counsel responded on May 20, 2019 and stated that Defendants would continue advertising themselves as "Doctor's Orders" despite Plaintiff's demand to cease and desist. A true and complete copy of this letter is attached hereto as Exhibit 4.

32.     Upon information and belief, Defendants have not filed any trademark application associated with the terms "Doctor's Orders."

33.     In support of this Complaint and the requested injunctive relief, Plaintiff attaches hereto the affidavit of Lelan Stice as Exhibit 5.

## COUNT I – VIOLATION OF 15 U.S.C. § 1125
## (FALSE OR MISLEADING ADVERTISING)

34.     The preceding paragraphs are hereby incorporated as if stated here word-for-word.

35.     15 U.S.C. § 1125(a) provides a right of action for persons who are injured by the unauthorized use of the person's name, term, symbol or device in a false or misleading manner likely to cause confusion or a misleading representation in interstate commerce.

36.     In order to promote their dispensary and further their business, Defendants have used and currently are using the Plaintiff's name, term, and symbols in a highly misleading manner.

37.     Defendants are using an almost identical version of Plaintiff's name, term, and symbol in advertising outside of their business, which has been photographed and videoed by several media outlets.

38.     This problem is only exacerbated by Defendants' choice of red and white colors to advertise, which matches the Plaintiff's own advertising colors.

39.     Defendants have used and currently use Plaintiff's name, term, and symbol in conducting their normal business operations.

40.     Defendants' use of Plaintiff's name, term, and symbols have caused Plaintiff's customers to believe that Plaintiff is operating a medical marijuana dispensary.

41.     By using Plaintiff's name, terms, and symbols, Defendants have caused Arkansas citizens to believe that Plaintiff is connected or affiliated with Defendants.

42.     This confusion threatens the continued viability of Plaintiff's pharmacy operations.

43.     Not only has the Defendants' use of Plaintiff's name, term, and symbol caused confusion, it will continue to cause confusion among its patients and Arkansas citizens.

44.     Defendants are attempting to use Plaintiff's reputation in the community in order to buy credibility as a startup company.

45.     Defendants' dispensary sells marijuana for medicinal purposes.

46.     Plaintiff's pharmacy provides drugs, prescription drugs, and other services for medicinal purposes.

47.     Defendants' operation's purpose is to offer medicinal services to customers through the use of medical marijuana.

48.     While Defendants' business does not provide identical services as Plaintiff, their overall purpose is similar enough to traditional pharmacy operations that it is understandable why the general public has become confused.

49.     The Defendants' unauthorized use of Plaintiff's name, terms, and symbols strongly implies that Plaintiff has entered into the medical marijuana business or have otherwise endorsed Defendants' operations.

50.     Defendants' promotions and advertising have deceived a substantial segment of its audience, as Plaintiff continues to receive phone calls inquiring about its connection with marijuana or a marijuana dispensary.

51.     Defendants' actions have caused a material deception upon the public.

52.     Plaintiff has no connection or affiliation with Defendants and has no plans to dispense marijuana.

53.     Defendants have never asked for, or received, permission from Plaintiff to use its name, terms, or symbols in connection with their business or advertising.

54.     Since the public has begun associating Plaintiff with Defendants due to Deferdants' unauthorized use of Plaintiff's name, terms, and symbol, the Defendants have conveyed a false impression and are misleading the public as to the context of Defendants' relationship with Plaintiff, of which there is none.

55.     Despite receiving a letter demanding that Defendants cease and desist advertising in a manner that implies a connection between themselves and Plaintiff, Defendant continues to operate and advertise itself as "Doctor's Orders" and "Doctor's Orders Rx".

56.     As a pharmacy, Plaintiff engages in interstate commerce.

57.     Plaintiff transacts its business using the internet to communicate and provide services to individuals, hospitals, clinics, and healthcare providers throughout the United States.

58.     Plaintiff also bills individuals, clinics, hospitals, and insurance companies that are domiciled or residents of other states for its services.

59.     Plaintiff uses the internet to bill for its services and many of its customers use credit and debit cards, which provide payment through the interstate banking system.

60.     Defendants are engaging in interstate commerce by selling their product from their Hot Springs location.

61.     Under Arkansas Alcohol Beverage Control Board Regulation §§ 3(42), 10.6(a)(iv), and 15.1(b), marijuana dispensaries in Arkansas may sell marijuana to nonresidents of Arkansas who are "visiting qualified patients."

62.     Defendants' market, therefore, includes consumers who citizens of other states.

63.     Defendants have given interviews to local media about their facility and used the terms "Doctor's Orders."

64.     These media outlets have placed Defendants' interviews, promotions, and advertising on the internet.

65.     Plaintiff will suffer immediate and irreparable harm to its reputation and business absent injunctive relief from this Court.

66.     Plaintiff's existence depends on its reputation and ability to attract customers.

67.     Defendants' actions have confused the public as to Plaintiff's business operations and affiliation with marijuana, which is extremely problematic for a pharmacy.

68.     There is a substantial likelihood of irreparable injury to Plaintiff's reputation and goodwill with its existing customers and within the Central Arkansas community.

69.     Damage to this customer would be irreparable to Plaintiffs.

70.     The longer Defendants continue to operate under the name "Doctor's Orders," the more the public will associate Plaintiff with Defendants.

71.     The problem is exacerbated by the fact that Defendants operate one of only two marijuana dispensaries in Arkansas and therefore are attracting a large number of consumers to their premises.

72.     As shown in its concurrently-filed motion, Plaintiff seeks an emergency preliminary injunction that requires Defendants to immediately cease using Plaintiff's name, terms, and symbols in business operations or advertising pursuant to 15 U.S.C. § 1116(a).

73.     Plaintiff seeks a permanent injunction that orders Defendants to cease using Plaintiff's name, terms, and symbols in business operations or advertising pursuant to 15 U.S.C. § 1116(a).

74.     As a direct results of Defendants' actions, Plaintiffs have suffered actual, consequential, and special damages and request an award of same in an amount that will be proven at trial.

75.     Plaintiff seeks to recover all costs of this action, attorney fees, and an accounting and an equitable portion of Defendants' profits pursuant to 15 U.S.C. § 1117(a).

## COUNT II –VIOLATION OF 15 U.S.C. § 1125
## (FALSE OR MISLEADING ENDORSEMENT)

76.     The preceding paragraphs are hereby incorporated as if stated here word-for-word.

77.     This right of action is asserted alternatively to all other claims herein.

78.     15 U.S.C. § 1125(a) provides a right of action for false or misleading promotion or advertising that misrepresents the nature or characteristics between the injured party and another's good or services.

79.     In order to promote their dispensary and further their business, Defendants have used and currently are using the Plaintiff's name, term, and symbols in a highly misleading manner in advertising that implies Plaintiffs are connected or affiliated with Defendants.

80.     Defendants' use of Plaintiff's name, term, and symbols in advertising are misleading the public and have caused Plaintiff's clients to believe that Plaintiff is operating a medical marijuana dispensary.

81.     This confusion threatens the continued viability of Plaintiff's pharmacy operations.

82.     Defendants' advertising misrepresents the nature of their affiliation with Plaintiffs, implying that Plaintiffs are somehow involved in Defendants' business.

83.     This promotion and advertising has occurred through signs and interviews with local media.

84.     As shown in its concurrently-filed motion, Plaintiff seeks an emergency preliminary injunction that requires Defendants to immediately cease using Plaintiff's name, terms, and symbols in business operations or advertising pursuant to 15 U.S.C. § 1116(a).

85.     Plaintiff seeks a permanent injunction that orders Defendants to cease using Plaintiff's name, terms, and symbols in business operations or advertising pursuant to 15 U.S.C. § 1116(a).

86.     As a direct results of Defendants' actions, Plaintiffs have suffered actual, consequential, and special damages and request an award of same in an amount that will be proven at trial.

87.     Plaintiff seeks to recover all costs of this action, attorney fees, and an accounting and equitable portion of Defendants' profits pursuant to 15 U.S.C. § 1117(a).

## COUNT III – MISAPPROPRIATION OF TRADEMARK

88.     The preceding paragraphs are hereby incorporated as if stated here word-for-word.

89.     This cause of action is asserted alternatively to all other claims herein.

90.     Plaintiff has applied to register "Doctor's Orders" and "Doctor's Orders Pharmacy" as federal and state trademarks regarding medicinal and pharmacy operations.

91.     Plaintiff have common law trademark rights to its name, "Doctor's Orders", "Doctor's Orders Pharmacy", and "Rx" when used in conjunction with "Doctor's Orders."

92.     Plaintiff has used these names, terms, and symbols to the exclusion of all others who perform the same or similar services in Arkansas since 2009.

93.     Plaintiff's common law trademark is an intangible asset.

94.     Defendants' unauthorized use of Plaintiff's trademark has negatively impacted, and will continue to so impact, its reputation and customer goodwill.

95.     Defendants' actions have diluted Plaintiff's trademark.

96.     There is actual consumer confusion and substantial likelihood of continued consumer confusion from Defendants' use of Plaintiff's common law trademark.

97.     Actual deception of the public has already occurred as a result of Defendants' actions.

10

98.     As shown in its concurrently-filed motion, Plaintiff seeks an emergency preliminary injunction that requires Defendants to cease using Plaintiff's name, terms, and symbols in business operations or advertising.

99.     Plaintiff seeks a permanent injunction that orders Defendants to cease using Plaintiff's name, terms, and symbols in business operations or advertising.

100.    As a direct results of Defendants' actions, Plaintiffs have suffered actual, consequential, and special damages and request an award of same in an amount that will be proven at trial.

### COUNT IV – TORTIOUS INTEREFERENCE WITH BUSINESS EXPECTANCY

101.    The preceding paragraphs are hereby incorporated as if stated word-for-word.

102.    This cause of action is asserted alternatively to all other claims stated herein.

103.    Plaintiff has valid business expectancies with its customers who obtain their medications and other services through Plaintiff.

104.    Plaintiff's business expectancies are typically based on customer relationships that have existed for a number of years.

105.    Plaintiff has provided notice to Defendant that is it confusing Plaintiff's customers. See Exhibit 3.

106.    Defendants' continued use of Plaintiff's name, terms, and symbol in promoting their operations are damaging Plaintiff's goodwill with its customers.

107.    Defendants are causing a breach of Plaintiff's business expectancies that may lead to the termination of such expectancies.

108.    Plaintiff has suffered damages to its business expectancies in the form of loss of goodwill and harm to reputation.

11

109.    Plaintiff reasonably anticipates that it has and/or will lost customers as a result of Defendants' actions.

110.    Defendants' conduct has been intentional and improper.

111.    Defendants knew or should have known that harm was substantial likely to result to Plaintiffs as a result of its confusing and deceptive misuse of Plaintiff's name, terms, and symbol.

112.    As shown in its concurrently-filed motion, Plaintiff seeks an emergency preliminary injunction that requires Defendants to cease using Plaintiff's name, terms, and symbols in business operations or advertising.

113.    Plaintiff seeks a permanent injunction that orders Defendants to cease using Plaintiff's name, terms, and symbols in business operations or advertising.

114.    As a direct results of Defendants' actions, Plaintiffs have suffered actual, consequential, and special damages and request an award of same in an amount that will be proven at trial.

## COUNT V – UNJUST ENRICHMENT

115.    The preceding paragraphs are hereby incorporated as if stated word-for-word.

116.    This cause of action is asserted alternatively to all other claims stated herein.

117.    Plaintiff have exclusively used their name, mark, and symbol for ten years in conducting its pharmacy business and advertising

118.    The use of "Doctor's Orders" has become so associated in the public mind in central Arkansas with Plaintiff's services that the term serves to identify Plaintiff and distinguish it from the goods or services of others.

119.    This has created a property right for Plaintiff in the terms "Doctor's Orders" and "Doctor's Orders Rx", which is especially true for pharmaceutical and medicinal products.

120.    Defendant has misappropriated Plaintiff's name, terms, and symbol for material gain.

121.    Justice demands that Defendants not be allowed to use Plaintiff's exclusive name, terms, and symbol for pecuniary gain or any other purpose.

122.    As a direct results of Defendants' actions, Plaintiffs have suffered actual, consequential, and special damages and request an award of same in an amount that will be proven at trial.

## RESERVATION OF RIGHTS AND JURY DEMAND

123.    Plaintiffs hereby reserve their rights to plead further and amend this complaint.

124.    Plaintiffs demand a trial by jury.

WHEREFORE Plaintiffs pray that the Court enter an emergency preliminary injunction that requires Defendants to immediately cease using Plaintiff's name, terms, and symbols in business operations or advertising; enter a permanent injunction ordering same upon resolution of the case, award them all actual and compensatory damages; award them special damages that include, but are not limited to, lost profits, loss of business goodwill, and stigma damage; award them their attorney fees and litigation costs, pre- and post-judgment interest; and award them all other just and proper relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

_____

R. Scott Morgan (Ark. Bar No. 86128)
scott@ppgmrlaw.com
Micah L. Goodwin (Ark. Bar No. 2015213)
micah@ppgmrlaw.com
PPGMR Law, PLLC
PO BOX 251618
Little Rock, AR 72225
501-903-6000
501-603-0556 (fax)

*Attorneys for Plaintiff*

## Search Incorporations, Cooperatives, Banks and Insurance Companies

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WHITEHALL PHARMACY LLC |
| Fictitious Names | DOCTOR'S ORDERS PHARMACY<br>DOCTOR'S ORDERS PHARMACY #2 |
| Filing # | 800148736 |
| Filing Type | Limited Liability Company |
| Filed under Act | Domestic LLC; 1003 of 1993 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | CORPORATION SERVICE COMPANY |
| Agent Address | 300 S. SPRING ST. SUITE 900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 01/20/2009 |
| Officers | JEFFREY T. GOSS , Incorporator/Organizer |
| | |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |

**Purchase a Certificate of Good Standing for this Entity**     **Pay Franchise Tax for this corporation**

Exhibit 1







LITTLE ROCK  |  EL DORADO  |  STUTTGART
PPGMRLAW.COM

LITTLE ROCK
101 MORGAN KEEGAN DRIVE, SUITE A  |  LITTLE ROCK, AR 72202
TEL: (501) 603-9000  |  FAX: (501) 603-0556

STUTTGART
620 EAST 22ND STREET, SUITE 206  |  STUTTGART, AR 72160
TEL: (870) 672-7600  |  FAX: (870) 672-7608

R. SCOTT MORGAN
SCOTT@PPGMRLAW.COM

May 13, 2019

Donald L. Sears
Registered Agent
Doctors Orders RX Inc.
47 River Road West
Mayflower, AR 72106

     RE:    ***Trademark Infringement***

Dear Mr. Sears:

     I am writing on behalf of my clients, Doctors Orders RX and Doctors Orders Pharmacy of White Hall, Arkansas.  This is to advise you that my clients have filed Trademarks on each of the above names with the United States Patent & Trademark Office. Also, under the Common law of Arkansas, we have trademarked these names by continuous and distinctive use. We want to give you the opportunity before we take any further actions to cease and desist using the name "Doctors Orders Rx Inc. or Doctors Orders Pharmacy" in anyway regarding the operation of your business.

     I refer you to 15 U.S.C 1125 (a) of the Lanham Act of 1946, which provides my clients a cause of action for trademark infringement of unregistered marks, such as yours. We also have the remedies available to us under 15 U.S.C. §1144 et seq to enjoin you from using the current name you are operating your business under.  My clients have received numerous inquiries, complaints and comments from the confusion caused by your company, just in the few days you have been open.

     Please note my clients will utilize of all available remedies under the Common law and the Lanham Act should you continue to use Doctors Order RX as your business name. We will also seek attorney's fees and costs if we have to file suite to enforce our rights as detailed above. Please let me hear from you as soon as possible.

     Sincerely,

     PPGMR LAW, PLLC

     *R. S. Morgan*

     R. Scott Morgan

     RSM/mb

     cc: Lelan Stice

Exhibit 3



# SINGLETON
## LAW FIRM, P.A.
### ATTORNEYS AT LAW

11825 HINSON ROAD · SUITE 102 · LITTLE ROCK · ARKANSAS · 72212
PHONE 501-228-4600                    FAX 501-225-6550

May 16, 2019

Mr. R. Scott Morgan
PPGMR LAW, PLLC
101 Morgan Keegan Drive, Suite A
Little Rock, AR 72202

      Re: My client, Donald Sears d/b/a Doctor's Orders RX, Inc.

Dear Mr. Morgan:

      Thanks for sending over copies of your client's receipts which show that they applied for a trademark on the name "Doctor's Orders RX" on January 4, 2019. However, Mr. Sears incorporated his business with the Arkansas Secretary of State on May 26, 2017. Your client's application for a trademark application was filed more than a year and a half after my client incorporated his business.

      As far as we have been able to determine, your client never incorporated a business in Arkansas under the name Doctor's Orders RX. I understand that your clients have operated in Jefferson County under the name of Doctor's Orders Pharmacy but it is unclear whether they have used, or currently use, the name Doctor's Orders RX. In any case, we believe that Mr. Sears has a superior claim for use of the name as a result of his corporate filing.

      At this point, my client is not inclined to change the name of his business. If you have any other information or documentation to support your client's claims regarding this issue, please send them to me for my client's consideration. Thank you for your attention to this matter.

Sincerely,

Charles R. Singleton

cc:
Mr. Don Sears

Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WHITE HALL PHARMACY, LLC dba**
**DOCTOR'S ORDERS & DOCTOR'S ORDERS**
**PHARMACY**                                                                 **PLAINTIFFS**


v.                                                     **CASE NO.:**

**DOCTOR'S ORDERS RX, INC.**
**DOCTORS ORDERS OF GARLAND COUNTY, LLC**
**dba ARKANNABIS, ARKANNABIS EXTRACTS**
**& ARKANNABIS FARMS, &**
**DON SEARS**                                                             **DEFENDANTS**


**AFFIDAVIT OF**
**LELAN STICE**


STATE OF ARKANSAS     )
                      )
COUNTY OF PULASKI     )

BEFORE ME, the undersigned Notary Public, on this day personally appeared Lelan

Stice who being duly sworn according to law, deposes and says:

1.      I am more than eighteen years of age and am fully competent to make this

affidavit.

2.      I am the Owner and Chief Operating Officer of Whitehall Pharmacy, LLC, which

operates two pharmacies in the Pine Bluff, Arkansas metropolitan area.

3.      Whitehall Pharmacy, LLC has existed since early 2009 and had always

continually operated under the fictitious trade names "Doctor's Orders" or "Doctor's Orders

Pharmacy."

1

Exhibit 5

4.      At no time since Whitehall Pharmacy, LLC was formed has it held itself out to the public as "Whitehall Pharmacy," or any derivative of that name. Instead, the public only knows Plaintiff as "Doctor's Orders" or "Doctor's Orders Pharmacy."

5.      Whitehall Pharmacy, LLC recorded the "Doctor's Orders" name with the Arkansas Secretary of State when it registered in 2009.

6.      Whitehall Pharmacy, LLC pharmacies are licensed with the Arkansas State Board of Pharmacy as "Doctor's Orders Pharmacy" and "Doctor's Orders Pharmacy #2".

7.      Whitehall Pharmacy, LLC is licensed with the Federal Drug Enforcement Agency with the name "Doctor's Orders Pharmacy".

8.      In its advertising, Whitehall Pharmacy, LLC routinely uses a combination of the words "Doctor's", "Orders", "Pharmacy", "Rx", and "RX" and has continually used this advertising strategy since 2009 without any break in time.

9.      Whitehall Pharmacy, LLC's logo and advertising uses red font, a red logo, and white backsplash.

10.     No other pharmacy in Arkansas uses a similar "Doctor's Orders" terminology.

11.     Whitehall Pharmacy, LLC recently learned that the business entities Doctor's Orders RX, Inc., Doctors Orders of Garland County, LLC, and Don Sears (collectively, "Defendants") are individually or jointly operating a medical marijuana dispensary in Garland County using the name "Doctors Orders", and/or "Doctors Orders RX."

12.     Defendants' joint operation uses signs and advertising that contains red letters and a white backsplash similar in appearance to Whitehall Pharmacy, LLC's signs and advertising.

13.     The Defendants currently operate one of the only two medical marijuana dispensaries in the State of Arkansas in Hot Springs.

2

Exhibit 5

14.     This operation is roughly one hour away from my business's pharmacies.

15.     Defendants' new operation, similar name, and similar advertising colors are confusing Whitehall Pharmacy, LLC's customers.

16.     My business has been inundated with calls from individuals who are either seeking marijuana or requesting information about the marijuana dispensary.

17.     Beginning with the announcement of the Doctor's Orders Rx, Inc. marijuana dispensary licensure, I have received many inquiries about whether this was a business that I was involved in.

18.     Since the opening of the Defendants' dispensary and the widespread news coverage, my business has received many phone calls with inquiries about purchasing medical marijuana, if we were part of the dispensary, how long the wait would be, directions to our location, and so on.

19.     We have had many inquiries on Facebook as to whether our Pharmacy is involved in dispensing marijuana and had someone "check in" on Facebook while at the Defendants' dispensary, but instead "tagged" my business.

20.     Between my business's two pharmacy locations, we received approximately 60 phone calls in the first few days of the Doctor's Orders RX dispensary opening regarding marijuana.

21.     Personally, I am not able to enter a restaurant or any public venue without being asked if I am involved in the distribution of marijuana.

22.     The Defendants' use of "Doctor's Orders" and similar terminology has confused my customers by implying there is some connection between Plaintiff and Defendants.

23.     Whitehall Pharmacy, LLC is prevented by federal regulations from possessing or dispensing Schedule I drugs.

3

Exhibit 5

24.    Whitehall Pharmacy, LLC's counsel sent a letter to the Defendants on May 14, 2019 demanding they cease and desist operating under the names "Doctors Orders" or Doctors Orders Rx."

25.    Despite that demand, Defendants continue to operate a medical marijuana dispensary using the names "Doctors Orders", and/or "Doctors Orders Rx" up to the current day.

26.    Defendants' counsel responded on May 20, 2019 and stated that Defendants would continue advertising themselves as "Doctor's Orders" despite Whitehall Pharmacy, LLC's demand to cease and desist.

27.    Whitehall Pharmacy, LLC has applied for federal and state trademarks for its trade names in connection with pharmacy and medicinal operations.

28.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


**Lelan Stice**
**Owner and CEO of Whitehall Pharmacy, LLC**


Subscribed to and affirmed by Lelan Stice before me this 21ˢᵗ day of May, 2019.


Notary Public

March 7, 2028

My Commission Expires:

4

Exhibit 5